UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                          :
ANDREW CUNNINGHAM,                        :   CASE NO. 5:06-cv-1641
                                          :
            Plaintiff,                 :   JUDGE JAMES S. GWIN
                                          :
vs.                                       :   OPINION AND ORDER
                                          :   [Resolving Doc. 9]
INTERLAKE STEAMSHIP COMPANY,              :
                                          :
            Defendant.                 :
                                          :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On August 29, 2006, Defendant Interlake Steamship Company filed a Motion to Dismiss. [Doc. 3.] On September 28, 2006, Plaintiff Andrew Cunningham filed an Opposition to the Motion to Dismiss. [Doc. 6.] Plaintiff also filed affidavits from Plaintiff's attorneys, John V. Scharon, Jr. and David F. Aggers ("Affidavits"), as attached exhibits to the Opposition to the Motion to Dismiss. On October 17, 2006, Defendant filed a Motion to Strike Affidavits of John V. Scharon, Jr. and David F. Aggers. [Doc. 9.] On October 26, Plaintiff filed an Opposition to the Motion to Strike Affidavits. [Doc. 11.] On January 24, 2007, the Court issued an Order converting Defendant's Motion to Dismiss into a Fed. R. Civ. P. 56 Motion for Summary Judgment. [Doc. 26.] For the following reasons, the Court **DENIES** Defendant's Motion to Strike Affidavits of John V. Scharon, Jr. and David F. Aggers.

Defendant initially argued that the Affidavits should be stricken because they cannot be considered by a Court reviewing a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). This argument is moot as the Court has subsequently construed Defendant's Motion to Dismiss as a Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56.

Case No. 5:06-cv-1641
Gwin, J.

Second, Defendant claims that the Affidavits must be stricken because they are inadmissible hearsay under Fed. R. Evid. 801(c) and 802. Defendant argues that the portions of the Affidavits "which purport to attest to the stated 'recommendations' of the Lorain County Court of Common Pleas trial judge, and the 'acquiescence' of Interlake, are out of court statements offered 'to prove the truth of the matter(s) asserted.'"

Plaintiff counters that the statements in question are not being offered to prove the truth of the matter asserted. Rather, the Affidavits are offered solely to evince that the statements were made in order to support Plaintiff's arguments regarding his reliance on those statements and whether the defendant ought to be equitably estopped from asserting a statute of limitations defense. The Court agrees.

Whether the trial judge's statement or defense counsel's alleged non-verbal assertion are true is irrelevant to Plaintiff's argument. In fact, Plaintiff virtually concedes that the trial judge's recommendation was legally flawed. Regardless of the veracity of these communications, Plaintiff presents these statements to illustrate the grounds for his reliance and equitable estoppel contentions. As such, the Affidavits are not inadmissible hearsay because they are not offered to prove the truth of the matter asserted.

Therefore, the Court **DENIES** Defendant's Motion to Strike Affidavits of John V. Scharon, Jr. and David F. Aggers.

IT IS SO ORDERED.

Dated: January 25, 2007           s/     *James S. Gwin*
                                  JAMES S. GWIN
                                  UNITED STATES DISTRICT JUDGE

-2-