UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                                  :
ANDREW CUNNINGHAM,                 :          CASE NO. 5:06-cv-1641
                                                  :
              Plaintiff,                      :          JUDGE JAMES S. GWIN
                                                  :
vs.                                             :          OPINION AND ORDER
                                                  :          [Resolving Docs. 17, 18, 25 & 26]
INTERLAKE STEAMSHIP COMPANY,   :
                                                  :
              Defendant.                    :
                                                  :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On November 6, 2006, Defendant Interlake Steamship Company ("Interlake") filed a First

Amended Answer, Counterclaim and Third Party Complaint.  [Doc. 14.]  On November 27, 2006,

Plaintiff Andrew Cunningham filed a Motion to Dismiss Counterclaim.  [Doc. 17.]  On December

29, 2006, Defendant filed an Opposition to Plaintiff's Motion to Dismiss Counterclaim, and,

alternatively, moved for leave to file an amended counterclaim.  [Doc. 18.]  On January 8, 2007,

Plaintiff filed an Amended Reply in Response to Defendant's Opposition to Motion to Dismiss

Counterclaim, a Motion to Strike and an Opposition to Motion for Leave to Amend Counterclaim.

[Doc. 25.]  On January 17, 2007, Defendant filed a Response in Opposition to Plaintiff's Motion to

Strike and a Reply in Support of Motion for Leave to Amend Counterclaim.  [Doc. 26.]

For the following reasons, the Court **GRANTS** Defendant's Motion for Leave to Amend

Counterclaim**,** and **DENIES** Plaintiff's Motion to Dismiss Counterclaim and Plaintiff's Motion to

Strike as **MOOT**.

## I. Background

Case No. 5:06-cv-1641
Gwin, J.

Plaintiff alleges that he was injured during his maritime employment aboard Defendant's

vessel on July 10, 1998.  As a result of this injury, Defendant provided maintenance and cure to

Plaintiff pursuant to general maritime law and its Collective Bargaining Agreement with Plaintiff's

union, "Agreement Between The Interlake Steamship and United Steelworkers of America, AFL-

CIO, and its Local 5000."  In its counterclaim, Defendant brings an action for unjust enrichment

against both Plaintiff and Third Party Defendant Gregory Charles Brant, D.O.  Defendant alleges

that Brant, acting in concert with Plaintiff, "deliberately misrepresented that the physical therapy

he performed and that he directed others to perform, was medically necessary for the care and

treatment of the Plaintiff, and he deliberately misrepresented that the heavy dosages of narcotic pain

medication being furnished to the Plaintiff were also medically necessary."  As a result, Brant

improperly retained $78,000 in medical treatment "cure" payments from Interlake.  Likewise,

Cunningham improperly retained more than $17,000 in "maintenance" payments from Interlake.

## II.  Legal Standard

The Court properly grants a motion to dismiss only if it appears that the plaintiff can prove

no set of facts entitling it to relief.  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  The Court must

construe the complaint "in the light most favorable to the plaintiff, accept[ing] all factual allegations

as true, and determin[ing] whether the plaintiff undoubtedly can prove no set of facts in support of

his claims that would entitle him to relief." *Joelson v. United States* 86 F.3d 1413, 1416 (6th Cir.

1996) (citing *In re DeLorean Motor Co.,* 991 F.2d 1236, 1239-40 (6th Cir.1993)).  However, the

Court "need not accept as true legal conclusions or unwarranted factual inferences." *Morgan v.*

*Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir.1987).

Fed. R. Civ. P. 9(b) requires "In all averments of fraud or mistake, the circumstances

Case No. 5:06-cv-1641
Gwin, J.

constituting fraud or mistake shall be stated with particularity."  "The purpose of Rule 9(b) is to provide fair notice to the defendant so as to allow him to prepare an informed pleading responsive to the specific allegations of fraud."  *Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 322 (6th Cir. 1999) (citing *Michaels Bldg. Co. v. Ameritrust Co., N.A.*, 848 F.2d 674, 679 (6th Cir. 1988)).  The Sixth Circuit requires that a party must, at minimum, "'allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud.'"  *Coffey v. Foamex L.P.*, 2 F.3d 157, 161-62 (6th Cir. 1993) (citation omitted).  "Compliance with Rule 9(b) should be reviewed as to each of the elements of the claim of fraud in a complaint and as to each of the named defendants."  *Picard Chem. Profit Sharing Plan v. Perrigo Co.*, 940 F. Supp. 1101, 1114 (W.D. Mich. 1996).

Finally, Fed. R. Civ. P. 15(a) states that leave to amend a pleading shall be given "when justice so requires."  "[L]eave to amend is particularly appropriate where the complaint does not allege fraud with particularity."  *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002).  The Sixth Circuit has also held that "'where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice.'"  *United States ex rel. Bledsoe v. Cmty. Health Sys.*, 342 F.3d 634, 644 (6th Cir. 2003) (citations omitted).

### III. Analysis

Defendant contends that Plaintiff Cunningham and Third Party Defendant Brant deliberately misrepresented Plaintiff's medical condition, thereby inducing excessive maintenance and cure payments from Interlake.  Defendant argues that because its counterclaim alleges unjust enrichment,

Case No. 5:06-cv-1641
Gwin, J.

it need not comply with the specificity requirements of Fed. R. Civ. P. 9(b).  Plaintiff counters that

Defendant's theory of recovery is actually based on fraud and misrepresentation; therefore, Fed. R.

Civ. P. 9(b) compliance is required.

The United States District Court for the Eastern District of Michigan adjudicated this exact

issue in *Brege v. Lakes Shipping Co.*, 225 F.R.D. 546 (2004).  Interlake was also the defendant in

*Brege*, and advanced a similar counterclaim against an injured seaman on the theory of unjust

enrichment.  The *Brege* court correctly held

> It matters not whether a claim is grounded in fraud or some other legal theory.
> Rather, if an allegation in a pleading contains 'an averment of fraud,' whether as part
> of a fraud claim or an element of a non-fraud claim, the 'averment of fraud' must be
> stated with the requisite particularity.

*Brege*, 225 F.R.D. at 549.  The Ninth Circuit supplied the rationale for this ruling in *Vess v. Ciba-*

*Geigy Corp. USA*, 317 F.3d 1097 (2003).

> Application of Rule 9(b)'s heightened pleading requirements only to 'averments' of
> fraud supporting a claim rather than to the claim as a whole not only comports with
> the text of the rule; it also comports with the rule's purpose of protecting a defendant
> from reputational harm . . . 'Rule 9(b) serves to . . . protect professionals from the
> harm that comes from being subject to fraud charges.' . . . Fraud allegations may
> damage a defendant's reputation regardless of the cause of action in which they
> appear, and they are therefore properly subject to Rule 9(b) in every case.

*Brege*, 225 F.R.D. at 549 (citing *Vess*, 317 F.3d at 1104 (internal citations omitted)).

In the instant case, Defendant Interlake alleges that Brant, acting in concert with

Cunningham, deliberately misrepresented the medical necessity of numerous aspects of

Cunningham's course of treatment.  As such, this averment of fraud must comply with the

specificity requirements of Fed. R. Civ. P. 9(b).  Defendant argues that its counterclaim, even if

viewed as an action for fraud, is pled with specificity sufficient to comply with Fed. R. Civ. P. 9(b).

-4-

Case No. 5:06-cv-1641
Gwin, J.

The Court disagrees.

Defendant's counterclaim references a five-year period of treatment during which Brant furnished a variety of medically unnecessary treatments, including physical therapy, prescription of pain medication and performance of diagnostic studies and tests.  These broad accusations in no way establish the particularity required by Fed. R. Civ. P. 9(b).  If the Court were to rule that Defendant's counterclaim as currently pled was sufficient, Third Party Defendant Brant and Plaintiff Cunningham would be placed "on notice" that virtually any and all treatments administered by Brant to Cunningham over a five-year period may or may not be challenged as fraudulent.  It would be hard to imagine a less specific averment of fraud.

Defendant included in its opposition a motion for leave to file an amended counterclaim. The Sixth Circuit has held that justice requires permitting leave to amend specifically when fraud has not been alleged with particularity.  *Brege*, 225 F.R.D. at 549-50 (citing *Morse*, 290 F.3d at 799-800).

As such, the Court **GRANTS** Defendant's motion for leave to file an amended counterclaim with the following specifications: (1) Defendant is required to identify each course of therapy fraudulently prescribed by Brant; (2) Defendant is required to identify each medical report fraudulently filed by Brant, and the specific misrepresentations contained therein; and (3) Defendant is required to identify whether Cunningham was ever examined by Defendant's own appointed physician, the date any such examination took place and the result of such examination.  Defendant shall file the amended counterclaim within ten days of the filing of this order.  Plaintiff's Motion to

Case No. 5:06-cv-1641
Gwin, J.

Dismiss Counterclaim and Plaintiff's Motion to Strike are hereby **DENIED** as **MOOT**.

      IT IS SO ORDERED.


Dated: February 8, 2007             s/_____ *James S. Gwin*_____
                                            JAMES S. GWIN
                                            UNITED STATES DISTRICT JUDGE