UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANDREW CUNNINGHAM, | ) | CASE NO. 5:06CV1641 |
| | ) | |
| Plaintiff, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| INTERLAKE STEAMSHIP CO., | ) | AND ORDER |
| | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Andrew Cunningham filed this action against Defendant Interlake Steamship Company on July 7, 2006, alleging negligence under the Jones Act, unseaworthiness and entitlement to maintenance and cure, all arising from injuries Cunningham states he suffered while employed aboard Interlake's vessel, "M/V Mesabi Miner." Interlake moved to dismiss Cunningham's complaint (*see* Doc. 3); the Court converted the motion to dismiss to a motion for summary judgment and requested additional briefing on several issues. The parties have filed the requested briefing, among other documents. This Court hereby **GRANTS** Interlake's motion.[1]

*History*

On July 10, 1998, Cunningham injured his back while serving as a crewman aboard the M/V Mesabi Miner. He filed a complaint against Interlake in Ohio state court on July 6, 2001, claiming Jones Act negligence, unseaworthiness and maintenance and cure. Plaintiff's Brief in Opposition to Motion to Dismiss (Doc. 6) at 2. On July 11, 2005, the day trial was to

---

[1] This Memorandum Opinion and Order also disposes of Defendant Interlake Steamship Company's Supplemental Information and Brief in Support of Motion for Summary Judgment (Doc. 30).

begin in that case, Cunningham voluntarily dismissed his claims without prejudice to refiling, under Rule 41(A)(1)(a) of the Ohio Rules of Civil Procedure. *Id.* at 2-3.

Rather than refiling his case in state court, Cunningham filed a complaint in this Court on July 7, 2006. Interlake moved to dismiss for failure to state a claim upon which relief can be granted, contending that Cunningham's claims are time-barred by a three-year statute of limitations and the inapplicability of Ohio's saving statute. The Court converted Interlake's motion to dismiss into a summary judgment motion and provided additional briefing time; the Court subsequently sought additional briefing from the parties on specific issues. The parties' briefs now are before the Court. Judgment for Interlake on each of Cunningham's claims is appropriate.

## *Legal Analysis*

### Summary Judgment Standard of Decision

This Court's consideration of the motion for summary judgment is governed by Rule 56(c) of the Federal Rules of Civil Procedure:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

*Id.* The party opposing a motion for summary judgment made according to rule "may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The consequences for failing to set forth such specific facts can be severe. "If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." *Id.*

The Supreme Court clarified that the entry of summary judgment is not a disfavored procedural shortcut, but instead is mandated by "the plain language of Rule 56(c) . . . after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party's burden "may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325. The party opposing a motion for summary judgment may do so with "any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves." *Id.* at 324. The nonmoving party's showing must be of more than a "metaphysical doubt as to the material facts," *Matushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); rather, the nonmoving party "must present significant probative evidence in support of its complaint to defeat the motion for summary judgment." *Moore v. Philip Morris Co.*, 8 F.3d 335, 339-40 (6th Cir. 1993).

**Summary Judgment Arguments**

Interlake contends that a three-year statute of limitations applies to each of Cunningham's three claims. Interlake further argues that the Ohio saving statute, Ohio Rev. Code § 2305.19, does not toll that limitations period, so as to permit the filing of Cunningham's complaint in this Court following the voluntary dismissal of his substantially identical state court complaint.

Cunningham argues that he was misled by Interlake's counsel to believe that the Ohio saving statute applied to this federal claim, so equitable estoppel should apply to prevent Interlake from arguing the application of the statute of limitations. Cunningham also contends

that his maintenance and cure claim is governed not by the three-year statute of limitations, but rather by the equitable doctrine of laches, and he argues that he was reasonably diligent in presenting this claim and Interlake suffered no prejudice, so his claim should be allowed to proceed.

**Negligence and Unseaworthiness**

Cunningham's claim of negligence is governed by federal statute: "A seaman injured in the course of employment . . . may elect to bring a civil action at law, with the right of trial by jury, against the employer." 46 U.S.C. § 30104(a).[2] The limitation period for such a claim is three years. "Except as otherwise provided by law, a civil action for damages for personal injury or death arising out of a maritime tort must be brought within 3 years after the cause of action arose." 46 U.S.C. § 30106.

Cunningham's unseaworthiness claim likewise is a federal one, arising under general maritime law. In order to fully utilize the remedies available to him, the seaman must raise his unseaworthiness and Jones Act claims at the same time. *See McAllister v. Magnolia Petroleum Co.*, 357 U.S. 221, 225 (1958). The Supreme Court has held that a shorter state statute of limitations cannot apply; in that situation, the three-year statutory limitations period applies to not only the Jones Act claim but also to any unseaworthiness claim, as well. *See id.* at 224; *see also id.* at 227-28 (Brennan, J., concurring) (clarifying that the majority opinion does not state that a longer state statute of limitations would have any different effect on the application of the three-year limitation period). *See also Usher v. M/V Ocean Wave*, 27 F.3d 370, 372 (9th Cir. 1994) (Congress passed 46 U.S.C. § 763a [present § 30106] to provide a

---

[2] Federal law governing maritime claims such as Cunningham's claims here was revised shortly after Cunningham filed his complaint in this action to make non-material, clarifying changes to the language and to re-number the pertinent sections. Therefore, present 46 U.S.C. § 30104 previously was codified at 46 U.S.C. § 688(a), and present

uniform three-year statute of limitations for claims of maritime personal injury and wrongful death).

On either claim, the statute of limitations runs from the date of injury, unless the harm from the injury is too minor to be noticed at the time of the injury. "If greater than *de minimis* harm is discernable at the time of the tortious event, then the 'time of the event' rule applies, plaintiff's cause of action accrues, and the statute of limitations begins to run." *Hicks v. Hines Inc.*, 826 F.2d 1543, 1544 (6th Cir. 1987).

Cunningham does not allege that he was unaware of his harm at the time of his injury; the limitations period on his unseaworthiness and Jones Act negligence claims therefore began to run from the date of his injury, which Cunningham reports as July 10, 1998. Cunningham's claims therefore were time-barred after July 10, 2001, in the absence of other relevant factors.

In the face of Interlake's repeated assertions that the three-year statute of limitations for the unseaworthiness and Jones Act negligence claim is "implacable," Cunningham contends that the Ohio saving statute applies to toll the statute of limitations and permit him to file his complaint here within one year of his voluntary dismissal of his substantially identical state court complaint on July 11, 2005. This Court disagrees.

The Supreme Court has stated clearly that the statute of limitations contained within the Federal Employers' Liability Act does not – indeed, cannot – encompass the saving statutes of the many states that have such a statute. "The incorporation of variant state saving statutes would defeat the aim of a federal limitation provision designed to produce national uniformity." *Burnett v. New York Central RR Co.*, 380 U.S. 424, 433 (1965); *see also Cerney v.*

---

46 U.S.C. § 30106 previously was codified at 46 U.S.C. § 763a.

*Norfolk & Western RY. Co.*, 104 Ohio App. 3d 482, 489, 662 N.E.2d 827, 831 (Ohio Ct. App. 1995) ("The specific language of the *Burnett* opinion does not allow the use of saving statutes to extend the time in which an action may be brought."). The statute of limitations for maritime claims was specifically based on the statute of limitations found in the Federal Employers' Liability Act. *See McAllister*, 357 U.S. at 225 n.6. This Court therefore finds that the Ohio saving statute, Ohio Rev. Code § 2305.19, does not work to extend the statute of limitations applicable to Cunningham's unseaworthiness and negligence claims.

Cunningham also argues that Interlake should be equitably estopped from advancing the statute of limitations argument here, because Interlake's counsel failed to inform Cunningham's lawyer of the consequences of voluntarily dismissing his state complaint; the consequence of this argument, if accepted, would be the equitable tolling of the applicable statute of limitations. This argument has been well and truly put to rest by the courts that have faced it. *See Cerney*, 104 Ohio App. 3d at 487-88, 662 N.E.2d at 830; *see also Bennett v. United States Lines, Inc.*, 64 F.3d 62, 65-66 (2d. Cir. 1995) (where plaintiff was not "actually prevented" from exercising her rights and where she was aware of her cause of action, equitably estopping defendant from raising its argument concerning bankruptcy stay still did not serve to equitably toll the applicable statute of limitations, and plaintiff's late-filed complaint was barred); and *Mamer v. Apex R.E. & T.*, 59 F.3d 780, 782 (8th Cir. 1995) (responsibility for plaintiff's voluntary dismissal of state court action, based on erroneous belief that stipulation with defendant would toll statute of limitations, rests with plaintiff alone and no tolling will be found). The three-year statute of limitations controlling unseaworthiness and Jones Act negligence claims by seamen bars these claims in Cunningham's complaint here.

**Maintenance and Cure**

The obligation of a seaman's employer to provide maintenance and cure is peculiar to the relationship between seaman and employer.

> Maintenance and cure is designed to provide a seaman with food and lodging when he becomes sick or injured in the ship's service; and it extends during the period when he is incapacitated to do a seaman's work and continues until he reaches maximum medical recovery.

*Vaughan v. Atkinson*, 369 U.S. 527, 531 (1962).  Maintenance and cure is unrelated to questions of fault or causation.  "[T]he duty of maintenance and cure derives from a seaman's dependence on his ship, not from his individual deserts, and arises from his disability, not from anyone's fault."  *Farrell v. United States*, 336 U.S. 511, 515-16 (1949).  Because not derived from fault, maintenance and cure is not a tort action.  It is not strictly contractual, either:

> [T]he duty to provide maintenance and cure "is imposed by the law itself as one annexed to the employment . . . .  Contractual it is in the sense that it has its source in a relation which is contractual in origin, but given the relation, no agreement is competent to abrogate the incident."

*Vaughan*, 369 U.S. at 532-33 (quoting *Cortes v. Baltimore Insular Line*, 287 U.S. 367, 371 (1932), Cardozo, J.) (footnote omitted).

### Timeliness

How and when to limit in time a seaman's right to maintenance and cure has proven a thorny issue for the Circuits; the Supreme Court has not definitively addressed the issue, nor has the Sixth Circuit.  This Court requested briefing from the parties on this specific issue; that briefing pointed up the two primary schools of thought on this point.

Interlake contends that the statute of limitations found in § 30106 governs Cunningham's claim for maintenance and cure.  Cunningham disagrees; he argues that the

doctrine of laches governs this claim, and he suggests that the proper "yardstick" for determining the timeliness element of the laches analysis is the Ohio statute of limitations for claims of breach of an implied contract, which is six years. The correct answer lies between these two extremes.

The statute of limitations embodied in § 30106 plainly is not intended to address claims for maintenance and cure. "Except as otherwise provided by law, a civil action for damages for personal injury or death arising out of a maritime tort must be brought within 3 years after the cause of action arose." 46 U.S.C. § 30106. Maintenance and cure is not "a civil action for damages for personal injury or death arising out of a maritime tort." Rather, to sustain a claim for maintenance and cure, a seaman must be in the service of the ship; "what the seaman is doing and why and how he sustains injury does not affect his right to maintenance and cure, however decisive it may be as to claims for indemnity or for damages for negligence." *See Farrell*, 336 U.S. at 516. Questions of causation and of fault – essential considerations in resolving a maritime tort – have no place in the resolution of a maintenance and cure claim.

It seems equally plain to this Court that the Ohio statute of limitations for a claim based on breach of an implied contract, which is six years, likewise is inapplicable. *See* Ohio Rev. Code § 2305.7. As noted above, while the ultimate source of the seaman's right to maintenance and cure may be found in the employment relationship between the seaman and his employer, which relationship usually is governed by contract or quasi-contract, maintenance and cure is an ancient doctrine. It is based more on the courts' determination to take special care of seamen, by requiring employers following a shipboard injury to return injured seamen to as close to their pre-injury condition as they are able to get, than on specific conditions of the employment relationship. Further, the application of a six-year statute of limitations for the

seaman's maintenance and cure claim would lead to anomalous results, when the most analogous causes of action – the negligence and unseaworthiness claims potentially arising out of the same set of operative facts – are subject to a three-year statute of limitations. Where application of a state statute of limitations would be inconsistent with underlying policies of the federal law it is offered to supplement, it is the duty of the federal courts to prevent this inconsistency and decline to apply the state statute of limitations. *See Occidental Life Ins. Co. v. EEOC*, 432 U.S. 355, 367 (1977), *quoted in Stevens v. Tennessee Valley Auth.*, 712 F.2d 1047, 1053 (6th Cir. 1983).

It is appropriate to apply the equitable doctrine of laches here.

The Supreme Court has quoted Black's Law Dictionary to define laches as a "neglect to assert a right or claim which, taken together with lapse of time and other circumstances causing prejudice to the adverse party, operates as bar in court of equity." *Kansas v. Colorado*, 514 U.S. 673, 687 (1995) (internal quotation marks omitted). Laches, asserted as a defense, requires proof of the plaintiff's lack of diligence and prejudice to the defendant. *Id.* (internal citations omitted).

In determining whether the lapse of time between injury and claim is reasonable for purposes of a laches decision, courts look to the statute of limitations applicable to the claim most analogous to the one governed by the laches doctrine. Here, the three-year period applicable to federal maritime claims provides a more appropriate yardstick than the six-year state breach of quasi-contract statute of limitations, because the federal maritime claims are more closely analogous to Cunningham's maintenance and cure claim. *See Harris v. Lykes Bros. Steamship Co.*, 375 F. Supp. 1155, 1157 (E.D. Tex. 1974); *see also Balagtas v. Liberty Marine Corp.*, 1996 U.S. Dist. LEXIS 12339 *9 (N.D. Cal. 1996). The passage of time alone, even if

greater than the length of the applicable statute of limitations "yardstick," would not bar Cunningham's claim – Cunningham's lack of diligence and prejudice to Interlake first must be shown. *See Finley v. United States*, 244 F.2d 125, 128 (3d Cir. 1957).

Cunningham's lack of diligence is apparent from the docket in this Court and the docket of his first-filed state action in the state court. Cunningham dismissed his initial complaint on the unverified assumption that the Ohio saving statute could and did act to toll the federal limitations periods applicable to his claims. He apparently never did attempt to verify that assumption, but instead waited 361 days out of the 365 days he believed were available to him under the Ohio saving statute before filing this action in this Court. Cunningham apparently was willing to wait until the last possible moment before moving forward with his lawsuit. He actually waited beyond the last possible moment with respect to his negligence and unseaworthiness claims, as noted above. The question of Cunningham's lack of diligence plainly is answered in the affirmative here.

The question of prejudice to Interlake, however, is not so easily resolved.

On one hand, Cunningham filed this action a few days short of eight years after his claim arose – well outside the presumptively reasonable three-year time limit, under the analogous statute of limitations. In the absence of other facts, this delay would strongly favor dismissal.

On the other hand, however, Cunningham filed a substantially-identical state court action just within the three-year yardstick period, so that filing is, all other things being equal, presumptively reasonable as to his maintenance and cure claim. That action remained pending for four years, until Cunningham voluntarily dismissed it, on the day trial was scheduled to begin.

For the entire four-year period the state court action was pending, Interlake clearly was aware that Cunningham intended to press his maintenance and cure claim; Cunningham in fact was actively pressing that claim during that time.  Interlake was present when Cunningham elected to dismiss his state court action; Interlake was aware that Cunningham believed he was entitled to refile that action within one year; Interlake was aware that Cunningham intended to refile his action within one year.  Interlake cannot persuasively argue that it was prejudiced by Cunningham doing precisely what he said he would do: refile his claim within one year of the voluntary dismissal in state court.  In the context of the equitable weighing required by a laches defense – unlike the more bright-line analysis provided by a statute of limitations – this lack of prejudice to Interlake weighs in favor of permitting Cunningham to go forward with his claim for maintenance and cure.  This Court finds that laches does not prohibit Cunningham from going forward with his maintenance and cure claim.

### **Discharge**

Interlake declares that, even if Cunningham's maintenance and cure claim is not time-barred, Interlake already has discharged its obligation with respect to that claim, because Cunningham has reached maximum medical recovery.  Cunningham acknowledges that his doctor testified that he had reached maximum medical recovery as of July 2003, but he disputes that Interlake has discharged its obligation to him, arguing that there remain treatment costs from before that date that Interlake has refused to pay.  Cunningham further contends that he has experienced additional medical problems since July 2003 that are related to his injury on Interlake's vessel.  Interlake has countered by noting that Cunningham qualified for Medicare in 2002 and has been receiving benefits since then, which, it is argued, terminates Interlake's maintenance and cure obligation.

As previously noted, the party opposing a properly-supported motion for summary judgment must respond, "by affidavits or as otherwise provided in this rule . . . [setting] forth specific facts showing that there is a genuine issue for trial." *See* Fed. R. Civ. P. 56(e). This Court specifically requested "any additional evidentiary materials or any additional briefing" on the issue of whether "Interlake has fully discharged its maintenance and cure obligation to the plaintiff." *See* Order (Doc. 50), dated February 27, 2007. In response to this Order, Cunningham – the non-moving party – submitted a three-page brief, containing numerous conclusory statements of fact, attaching no supporting exhibits and making no reference to specific pages within the Court's record. In contrast, Interlake submitted an 11-page brief with numerous citations to the record and to its six supporting exhibits.

Notwithstanding Cunningham's lackadaisical response to this Court's order, a close review of the record in this case reveals no genuine issue of material fact on this point.

Interlake's contention that it has discharged its obligation of maintenance and cure as of July 23, 2003, is supported by the testimony of Cunningham's treating physician in his deposition on that date. Cunningham alleges – and there appears to be no dispute – that he began to experience other medical problems in 2004 and 2005. Although he contends that these problems and the medical expenses associated with them are properly attributable to his shipboard injury in 1998, he has directed this Court to no "significant probative evidence" that supports this contention. *See Moore v. Philip Morris Co.*, 8 F.3d 335, 339-40 (6th Cir. 1993).

Cunningham further contends, again without reference to any specific evidence in support, that Interlake did not pay for his back surgery, performed in 2002, despite his contention that it, too, was directly attributable to his 1998 back injury. That surgery was performed at a Veterans Administration hospital, however, at no cost to Cunningham. Cunningham alleges

without evidentiary support that the Veterans Administration seeks subrogation of any amount to be awarded here in reimbursement for that treatment.  But medical care provided without cost to Cunningham does not subject Interlake to liability to Cunningham for maintenance and cure on the basis of that treatment.  *See, e.g., Johnson v. United States*, 333 U.S. 46, 50 (1948) (where seaman incurred no expense or liability for care and support provided at the home of his parents, claim for maintenance and cure was properly rejected).

Under these circumstances, the timeliness of Cunningham's claim for maintenance and cure cannot save it, because Interlake is entitled to summary judgment on this claim due to its discharge of its maintenance and cure obligation.

## *Conclusion*

For the foregoing reasons, Interlake's motion to dismiss, as converted by this court to a motion for summary judgment, hereby is **GRANTED**.

**IT IS SO ORDERED.**


Dated:  July 10, 2007                               *s/  Sara Lioi*
                                                            **HONORABLE SARA LIOI**
                                                            **UNITED STATES DISTRICT JUDGE**